By the Court, Nelson, Ch. J.
We have repeatedly held that associations organized under the general bank-law of 1838, (Sess. Laws of ’38, p. 245 ; see also Sess. Laws of ’40, p. 306, and Sess. Laws of ’41, p. 351,) are to be regarded as corporate bodies. (The People v. The Assessors of Watertown., 1 Hill, 616.) The fact, therefore, that the defendant was one of the corporators, presented no objection to the ac tion against him.
It is not important to determine whether or not any miscon duct on the part of the plaintiff in the sale of the stock pledged as collateral security for the payment of the note, might have been used as a defence to the action by way of reducing the amount of the recovery within the doctrine of Reah v. M'Allister, (8 Wend. 109 ;) as the bill of exceptions lays no foundation for any such question. There was no restriction contained in the pledge, nor any instructions given by the defendant in regard to the mode of selling the stock; nor does the proof disclose any established custom to be observed in such cases. The mode of sale, therefore, was left to the sound dia> *392 cretion of the plaintiff; and, for aught that appears, it was properly exercised. Indeed, there is nothing in the case tending to show that the stock was not sold for a fair price, or that more might have been obtained for it. But a decisive answer is, that the defendant wras duly advised of the time and mode of sale, and made no objection to either. If he was not satisfied with a sale at the board of brokers, he should then have spoken. His silence indicated an acquiescence, and must have been so understood by all parties concerned. If the sale was fairly made in accordance with the notice given to the defen dant, (and there is no pretence to the contrary,) he should be estopped from disputing its propriety in respect to mode and place. Were we, therefore, to differ with the court below upon the point whether misconduct in the sale would have afforded ground for reducing the demand as claimed within .Reab v. M'Allister, we ought not to disturb the judgment. The opinion, right or wrong, could not have exerted any adverse influence upon the rights of the defendant, according to the evidence in the case, as it was wholly extraneous and immaterial. The court would have been justified in holding directly, that there was no foundation for the application of the doctrine, as no misconduct in the sale had been proved. We do not think the case of Taggard v. Curtenius & Jones, (15 Wend. 155,) would have been decisive against the defence, if misconduct in the sale of the stock had been shewn ; as this particular ground was not taken on the argument in that case nor brought to the notice of the court.
Judgment affirmed